## Lomasney, Appellant, *v.* Turner.

*Contract—Nursing—Affidavit of defense.*

Where a person by writing under date acknowledges services rendered to him by a woman for nursing, from a date about a year prior to the date of the writing and agrees in the writing to pay to her therefor the sum of $25.00 per week, but no mention is made in the writing as to the length of time during which the nursing was continued, and the nurse sues to recover and avers that the services continued down to the date of the writing, an affidavit of defense which avers that the services were rendered for a period of five weeks only is responsive to the plaintiff's claim, and the question whether the services were continued to the date of the writing must be determined by a jury.

Argued Oct. 10, 1906.    Appeal, No. 123, Oct. T., 1906, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1905, No. 2,915, discharging rule for judgment for want of a sufficient affidavit of defense in case of Margaret Lomasney v. John W. Turner.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Assumpsit for services rendered as nurse.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the facts of the case.

The court made the rule for judgment absolute for $125, admitted to be due, and discharged the rule for judgment for want of a sufficient affidavit of defense, as to the balance claimed.

*Error assigned* was in discharging rule for judgment for want of a sufficient affidavit of defense.

*Charles S. Wood*, for appellant.—This affidavit is insufficient: Sanders v. Sharp, 153 Pa. 555; Cochran v. Pew, 159 Pa. 184; Baugh v. White, 161 Pa. 632; Kellberg v. Bullock Printing Press Co., 39 Legal Int. 91; Lauber v. Wagner, 11 York, 134; Vito v. Birkel, 209 Pa. 206; Lauer v. Oliver, 53 Pitts. Legal Jour. 21.

*William Y. Tripple*, for appellee.—Where a written agreement is silent as to the time during which it is to continue in

force, parol evidence is admissible to prove the intention of the parties: Real Estate Title, Ins. & Trust Co. v. Lambeth, 135 Pa. 549; Kellberg v. Bullock Printing Press Co., 39 Legal Int. 91.

OPINION BY HENDERSON, J., February 25, 1907:

The plaintiff's action is based upon an obligation signed by the defendant in the following form:

" Phila April 11th 1904

" I John Turner hereby acknowledge the services rendered to me by Margaret Lomasney by nursing etc from April 15th 1903 and hereby agree to pay to her therefor the sum of twenty-five dollars per week and hereby bind myself, executors, administrators to pay the same

" Witness my hand this 11th day of April 1904 "

This document admits a parol obligation of the defendant to the plaintiff for services as a nurse theretofore rendered. It shows that the services commenced April 15, 1903; it also fixes the weekly compensation to which the plaintiff was entitled, but it is silent upon a material point, to wit: the length of time during which the nursing was continued. The starting point was April 15, 1903, but there is no acknowledgment that the service continued for any particular time. The date of the paper is not the time to which the defendant admits the plaintiff cared for him, but is the time at which he made the written declaration of his obligation to pay. It therefore throws no light on the question when the plaintiff ceased to nurse the defendant. The instrument is not a contract of hiring, but an acknowledgment of an implied or parol agreement for services which had been rendered before this paper was signed. It does contain an undertaking to pay $25.00 a week for the services rendered, but it is not an agreement to pay that amount from April 15, 1903 until April 11, 1904. So much of the affidavit of defense as denied that the services were rendered for a longer period than five weeks was responsive to the plaintiff's claim. The defendant was only liable for nursing. The plaintiff alleged in her statement of claim that the services referred to in the paper sued on continued from April 15, 1903, until April 11, 1904. Unless, therefore, the written instrument contains an admission to that effect the defendant is entitled

to an opportunity to show that he was cared for a much shorter time.   Giving to all the words of the paper their usual and proper significance it is evident that the defendant is not shut out by a written acknowledgment from showing how long he was cared for by the plaintiff.   The question of a contemporaneous parol agreement is not presented under the declaration and the averments in the affidavit.   The writing is simply silent as to the time to which it applied and this may be shown by parol: Real Estate Title, etc., Co.'s Appeal, 125 Pa. 549. The cases cited by the appellant show that the construction of written contracts is for the court where there is no omission or ambiguity, or technical words requiring interpretation; but they are not pertinent to the question at issue.   The material matter of the duration of the plaintiff's services must be established by parol evidence.

The judgment is affirmed.